U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 JUN 22 AM 9:40

CLERK
BY ___PM___
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cr-111 |
| | ) | |
| LILLIAN RAMOS | ) | |

## OPINION AND ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER
(Doc. 35)

This matter came before the court on the United States of America's Motion to Reconsider (Doc. 35), asking the court to reconsider its decision granting Defendant's motion to suppress in this case based upon *United States v. Patane*, 542 U.S. 630, 643 (2004) (concluding that the nontestimonial fruits of a *Miranda* violation need not be suppressed). The government concedes that it did not cite *Patane* in opposing Defendant Lillian Ramos's motion to suppress.

In the Second Circuit, the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

When deciding the motion to suppress, the court was aware of *Patane* having decided its applicability to an issue of first impression in Vermont at the trial court level which decision was reversed in *State v. Peterson*, 2007 VT 24, 181 Vt. 436, 923 A.2d 585 (joining those state courts that have rejected *Patane* under their state constitutions).

Under *Patane*, had Ms. Ramos admitted in the police cruiser that a large amount of currency was located in the rental vehicle, the currency obtained as a result of those statements would be admissible at trial even if her statements were not.

Here, the court was faced with a different question: whether testimonial evidence obtained in violation of *Miranda* could be used to prolong a roadside detention that, in its absence, would be unreasonable under the Fourth Amendment. *See* Doc. 31 at 24 ("Having determined that Defendant's statements inside the police cruiser were obtained in violation of *Miranda*, the court must determine whether the approximately thirty-five minute detention of Defendant in the absence of those statements until a canine unit arrived and a canine search was completed was nonetheless reasonable under the Fourth Amendment."). Citing *Illinois v. Caballes*, 543 U.S. 405 (2005) and its progeny, the court reasoned that law enforcement cannot prolong a roadside detention in order to conduct an interrogation in violation of *Miranda*, and then use the evidence gleaned from the *Miranda* violation to justify the prolonged detention. The court therefore concluded that the canine sniff was the product of an unlawful detention under the Fourth Amendment. *Patane*, a case decided under the Fifth Amendment, lends no guidance to this determination.

Following Second Circuit precedent, the court next examined whether probable cause to search Ms. Ramos's vehicle existed in the absence of the illegally obtained evidence (which included both evidence obtained in violation of *Miranda* and evidence obtained as the result of an unlawful detention). It concluded that it did not. Again, *Patane* has no relevance to this inquiry.

Because there is no intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice, *Nat'l Mediation Bd.*, 956 F.2d at 1255, reconsideration is not required in this case.

## CONCLUSION

For the reasons stated above, reconsideration is DENIED.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 22nd day of June, 2012.

Christina Reiss, Chief Judge
United States District Court