UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     Plaintiff, | : |
| | : |
| v. | :   File No. 1:11-cr-111-jgm |
| | : |
| LILLIAN RAMOS | : |
|     Defendant. | : |

RULING ON DEFENDANT'S MOTIONS
(Docs. 41, 43, 44, 46)

I.    Introduction

Defendant Lillian Ramos has filed four additional pretrial motions: for disclosure of grand jury transcripts (Doc. 41), to compel discovery (Doc. 43), for disclosure of Jencks material (Doc. 44), and to dismiss the indictment (Doc. 46).[1] The Government has responded to each motion. (Docs. 47, 49, 50, 53.) Defendant is charged in a one count indictment with knowingly and willfully conspiring to distribute oxycodone, a controlled substance, in violation of 21 U.S.C. § 846. (Doc. 1.) The pending motions were filed following Defendant's successful first motion to suppress, which the Court granted in May (Doc. 31), and the denial of the government's motion for reconsideration, in June. (Doc. 39.)

Upon consideration of the filings, the Court makes the following rulings.

II.    Discussion

Defendant has filed a motion for production of grand jury transcripts pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) and (ii). (Doc. 41.) In order to obtain copies of grand jury transcripts of

---

[1] Defendant has also filed a fifth motion, a second Motion to Suppress seeking suppression of statements (Doc. 45) that the Court will decide separately.

potential witnesses in this case, she must show a particularized need for disclosure that outweighs the need for secrecy. See Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979).

Defendant has not shown sufficient particularized need for the entirety of the grand jury transcripts pertaining to her indictment. As she points out, if there is any grand jury testimony by a witness who will testify at a potential future suppression hearing, the government will be required to disclose his or her grand jury testimony. (Doc. 41 at 3 (citing Fed. R. Crim. P. 26.2(g)).) The government, for its part, has noted its intention to comply with this obligation should it arise. (Doc. 48 at 7.) The Court expects the government to comply with each of its discovery obligations. Accordingly, Defendant's motion for production of grand jury transcripts (Doc. 41) is DENIED.

Defendant has filed a motion to compel discovery.[2] (Doc. 43.) She seeks an order directing the government to produce Drug Enforcement Agency (DEA) database records concerning herself, information regarding the use of GPS tracking devices in the investigation, and registration and rental records of the vehicles identified in the investigation. Defendant contends the items requested are either Brady, Giglio or Jencks material, are necessary to preparation of her defense, or may be used as an exhibit at a potential future suppression hearing or trial. (Doc. 43 at 1.)

---

[2] The Court notes it is under no obligation to consider this motion at all as it was filed in violation of the local rules and the pre-trial order in this case (Doc. 9). Specifically, the motion was not accompanied by a certification regarding Defendant's counsel's required conference with opposing counsel. Id. at 3.

To begin, the disclosure of Giglio[3] material is covered by Local Rule 16(d) and must only be disclosed in time for effective use at trial and, accordingly, the Local Rules require disclosure of it not less than fourteen days prior to jury selection. D. Vt. L.R. 16(d)(2). This case is not on a trial calendar. Accordingly, no Giglio material must be produced at this time.

Under the Jencks Act, 18 U.S.C. § 3500, statements and reports are not required to be disclosed until after a witness "has testified on direct examination in the trial of the case." Id. This case is not at the trial stage. Accordingly, no Jencks material must be disclosed at this time.

Under Brady, the government has a constitutional duty to disclose evidence favorable to an accused when it is material to guilt or punishment. Brady, 373 U.S. at 87. "Brady does not, however, require the prosecution to disclose all exculpatory and impeachment material; it need disclose only material 'that, if suppressed, would deprive the defendant of a fair trial.'" United States v. Coppa, 267 F.3d 132, 135 (2d Cir. 2001) (quoting United States v. Bagley, 473 U.S. 667, 675 (1985)).

The government asserts it has reviewed the database records twice and states they do not contain exculpatory material. Accordingly, they are not required to be disclosed under Brady. Defendant, however, also seeks this information under Fed. R. Crim. P. 16(a)(1(E). She asserts the information is "necessary to the litigation" of her now filed motion to suppress. (Doc. 43 at 3.) She also argues the records "will establish precisely who, what, where, when, and why [she] first became a person of interest" in the investigation." Id. In the face of the extensive discussion in the government's response regarding how Defendant became a person of interest in

---

[3] United States v. Giglio, 405 U.S. 150 (1972).

3

the investigation (Doc. 49 at 2), the Court does not find that the database records are "material to preparing the defense" as required by Rule 16(a)(1)(E)(i). Fed. R. Crim. P. 16(a)(1)(E)(i).

Defendant seeks to compel information relating to the warrantless use of GPS devices to track any of the vehicles identified in the investigation. (Doc. 43 at 3.) The government responds that Defendant has no standing to challenge the "search" by use of a GPS device of vehicles she did not rent or own. (Doc. 49 at 3-5.) See United States v. Jones, 132 S. Ct. 945 (2012) (holding attaching a GPS device to a car is a search within the Fourth Amendment). Because Defendant has no expectation of privacy in a vehicle she does not own or rent, and the government represents it does not intend to use any GPS tracking information at trial, and any such information is not exculpatory as to Defendant (Doc. 49 at 4), her motion is denied as to vehicles she did not rent or own. Defendant, however, did rent three vehicles involved in the investigation. The government represents agents "recall" a GPS device being used on only one of those vehicles -- a black minivan. Id. at 5. The government further asserts there is no information relating to the use of the GPS tracking device to which she is entitled. Id. at 7. Given Defendant's potential standing to challenge the search of the minivan she rented, the government shall make available to Defendant any information about deployment and use of the GPS tracking device on the minivan.

Defendant also seeks to compel disclosure of registration and rental records of the vehicles identified in the investigation. (Doc. 43 at 3-5.) The government notes the rental records have been produced (Doc. 49 at 7 n.4) and agrees to make the DEA reports of surveillance of vehicles Defendant identified available for review. Id. at 7-8. Accordingly,

Defendant's motion is granted to the extent the government shall make available for review the DEA reports of surveillance of the vehicles.

Accordingly, Defendant's motion to compel (Doc. 43) is GRANTED in part and DENIED in part.

Defendant has filed a motion for disclosure of Jencks material. (Doc. 44.) As noted above and acknowledged by Defendant, Jencks material is not required to be disclosed until after a witness "has testified on direct examination in the trial of the case." Id. at 1. This case is not at the trial stage. The government has noted its intention to comply with it legal obligations for producing the requested material (Doc. 50 at 1) and the Court expects it will so comply. Accordingly, Defendant's motion for disclosure of Jencks material (Doc. 44) is DENIED.

Lastly, Defendant has filed a motion to dismiss the indictment. (Doc. 46.) Defendant argues the indictment is based solely on tainted evidence. Id. at 3. The government opposes the motion. (Doc. 53.) The government posits the general rule that "'an indictment returned by a properly constituted grand jury is not subject to challenge on the ground that it was based on unconstitutionally obtained evidence.'" See id. at 3(quoting United States v. Rivieccio, 919 F.2d 812, 816 (1990). The government fails, however, to note an exception to the general rule recognized by the Second Circuit that applies "when the government concedes that the indictment rests almost exclusively on tainted evidence." Rivieccio, 919 F.2d at 816 n.4. While Defendant alleges the indictment against her rests solely on illegally seized evidence, the government did not specifically address the existence of other evidence before the grand jury. See Doc. 53 at 3-4 & n.3. However, as was the case in Rivieccio, the government has not

conceded the indictment rests solely on illegally seized evidence. Accordingly, Defendant's motion to dismiss (Doc. 46) is DENIED.

III.　Conclusion

For the reasons stated above, Defendant's motion for disclosure of grand jury transcripts (Doc. 41) is DENIED; Defendant's motion to compel (Doc. 43) is GRANTED in part and DENIED in part; Defendant's motion for disclosure of Jencks material (Doc. 44) is DENIED; and, Defendant's motion to dismiss (Doc. 46) is DENIED. The government shall make available to Defendant for review any information about deployment and use of the GPS tracking device on the minivan Defendant rented and the DEA reports of surveillance of the vehicles as well as comply with any other discovery obligations that may arise.

This case will be placed on the first trial calendar after resolution of the pending motion to suppress statements (Doc. 45).

　　　　SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of August, 2012.

　　　　　　　　　　　　　　　　　　/s/ J. Garvan Murtha
　　　　　　　　　　　　　　　　　　Honorable J. Garvan Murtha
　　　　　　　　　　　　　　　　　　United States District Judge